**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.  3:17-CV-069-RJC-DCK**

| | |
|---|---|
| **KENDALL BROWN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FROST-ARNETT COMPANY** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**STIPULATED ORDER - CONFIDENTIALITY AGREEMENT**

The parties have advised the Court that they anticipate discovery and production of documents which may be the proper subject of non-disclosure under FRCP 26(c)(1)(G).  In order to assist in the timely completion of discovery, the Court enters this Order governing the procedure for seeking the protections under FRCP 26(c)(1)(G).

1. **Confidentiality as a Basis of Non-Disclosure.**

Having provided the parties a mechanism for the protection of documents of information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosures except as provided in this order.

2. **Designation of Confidentiality.**

A party responding to requests for production or interrogatories may designate the responsive information to that discovery as confidential (hereafter referred to as "information designated as confidential").  That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "CONFIDENTIAL."  .

3. **<u>Protection of Information Designated as Confidential.</u>**

Any information designated as confidential shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives the objection expressly or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter.

If any information which is protected as confidential is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential, but any party may move to seal the Court's record and proceedings under the applicable law as provided below.

Any information contained in, or derived from any information designated as confidential (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation. Information protected as confidential may only be disclosed to:

    a.     Other attorneys appearing in this case.

    b.     Other parties to this case.

    c.     Staff, office personnel, consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.

    d.     Witnesses.

    e.     Deponents.

Upon termination of this action, including any appeals therefore, within thirty (30) days of a written request, the parties shall return all copies of information designated as confidential to the issuing parties or represent that all copies have been destroyed.

4. **Objections to the Designation of Confidentiality.**

Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation. A party who wishes to object to the designation shall within that 14 day period, serve objections to the designation and request in writing a conference to resolve the designation. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c)(1)(G). The failure to move for a protective order within that 14 day period waives the designation.

5. **Order Binding on Signatories**

The parties signing this order are bound to its terms. Those parties to the case who have not signed may not receive copies of confidential information pursuant to this order. Nor shall copies of such copies be provided to them by any other party.

6. **Use of Confidential Materials in Dispositive Motions and At Trial**

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. So long as 7 days'

notice is provided to the party alleging such documentation as confidential, the party seeking to use the information protected as confidential has no obligation to file the alleged confidential documentation under seal.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

**SO ORDERED**.

Signed: April 17, 2017

David C. Keesler
United States Magistrate Judge

STIPULATED BY:

| **BEDARD LAW GROUP, P.C.** | **MAGINNIS LAW, PLLC** |
|---|---|
| /s/ Jonathan K. Aust<br>Jonathan K. Aust<br>N.C. Bar No. 39507<br>2810 Peachtree Industrial Blvd.<br>Suite D<br>Duluth, Georgia 30097<br>Telephone: (678) 253-1871<br>jaust@bedardlawgroup.com<br>*Counsel for Defendant* | Karl Gwaltney<br>N.C. State Bar No. 45118<br>Edward H. Maginnis<br>N.C. State Bar No. 39317<br>4801 Glenwood Avenue, Suite 310<br>Raleigh, North Carolina 27612<br>Telephone: (919) 480-8526<br>Fax: (919) 882-8763<br>kgwaltney@maginnislaw.com<br>emaginnis@maginnislaw.com<br>*Counsel for Plaintiff* |